*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 19, 2016                    106322
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                         Respondent,
        v                                    MEMORANDUM AND ORDER

CODY J. WOODARD,
                         Appellant.
_____


Calendar Date:  April 20, 2016

Before:  Lahtinen, J.P., McCarthy, Devine, Clark and Mulvey, JJ.

_____


        John A. Cirando, Syracuse, for appellant.

        Craig P. Carriero, District Attorney, Malone (Jennifer M.
Hollis of counsel), for respondent.

_____


Clark, J.

        Appeal from a judgment of the County Court of Franklin
County (Main Jr., J.), rendered October 31, 2013, which revoked
defendant's probation and imposed a sentence of imprisonment.

        Defendant pleaded guilty to burglary in the third degree
and was sentenced to a five-year term of probation in March 2013.
In August 2013, he pleaded guilty to violating various conditions
of his probation.  Resentencing was adjourned until October 2013
and defendant was released under the supervision of the Probation
Department.  Prior to the adjourned resentencing date, defendant
was arrested and charged with assault in the third degree and
endangering the welfare of a child.  County Court thereafter
revoked defendant's probation and resentenced him on the burglary
conviction to a prison term of 2 to 6 years.  Defendant now

appeals.

        We affirm.  Initially, the People concede and we agree that
defendant did not validly waive his right to appeal with respect
to his resentence.  Defendant's challenge to the voluntariness of
his guilty plea to the probation violations is, however,
unpreserved for our review as the record fails to disclose that
he made an appropriate postallocution motion (see People v
McGregor, 119 AD3d 1235, 1236 [2014], lv denied 25 NY3d 991
[2015]; People v Secor, 102 AD3d 1057, 1058 [2013], lv denied 21
NY3d 1019 [2013]; People v Banks, 305 AD2d 812, 812 [2003], lv
denied 100 NY2d 578 [2003]).  Moreover, the exception to the
preservation rule is not applicable here, as defendant made no
statements during the plea colloquy that were inconsistent with
his guilt or cast doubt upon the voluntariness of his plea (see
People v Skidds, 123 AD3d 1342, 1342-1343 [2014], lv denied 25
NY3d 992 [2015]; People v Lewis, 69 AD3d 1232, 1234 [2010]).
Finally, we reject defendant's contention that the resentence is
harsh and excessive.  Given defendant's history of being unable
to comply with the conditions of his probation, both in
connection with this burglary conviction and when he was
previously on probation, we find no abuse of discretion or
extraordinary circumstances warranting a reduction of the
sentence in the interest of justice (see People v Coupe, 124 AD3d
1141, 1143 [2015]; People v Pixley, 117 AD3d 1102, 1103 [2014],
lv denied 24 NY3d 1087 [2014]).

        Lahtinen, J.P., McCarthy, Devine and Mulvey, JJ., concur.


        ORDERED that the judgment is affirmed.




                        ENTER:



                        Robert D. Mayberger
                        Clerk of the Court