*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 3, 2016                    105573B
_____

THE PEOPLE OF THE STATE OF
     NEW YORK,
                         Respondent,
          v                                    MEMORANDUM AND ORDER

SOLOMON A. WILSON,
                         Appellant.
_____

Calendar Date:  September 13, 2016

Before:  McCarthy, J.P., Garry, Devine, Clark and Mulvey, JJ.

_____

     Kevin J. Bauer, Albany, for appellant, and appellant
pro se.

     Chad W. Brown, Acting District Attorney, Johnstown (Amanda
M. Nellis of counsel), for respondent.

_____

Clark, J.

     Appeal from a judgment of the County Court of Fulton County
(Hoye, J.), rendered November 1, 2012, convicting defendant upon
his plea of guilty of the crimes of criminal possession of a
controlled substance in the third degree and conspiracy in the
fourth degree.

     In 2012, following his unsuccessful motion to suppress a
quantity of crack cocaine discovered on his person, defendant, in
full satisfaction of two pending indictments, pleaded guilty to
criminal possession of a controlled substance in the third degree
and conspiracy in the fourth degree and waived his right to
appeal.  In accordance with the plea agreement, defendant was
thereafter sentenced, as a second felony offender, to an

aggregate prison term of five years, followed by two years of postrelease supervision. Defendant appealed and his assigned counsel filed an Anders brief and moved to be relieved as counsel. This Court rejected the Anders brief, withheld decision and assigned new counsel to address certain issues raised by defendant in his pro se brief and any other issues disclosed in the record (123 AD3d 1157 [2014]).

We now affirm. Initially, we reject defendant's challenge to the validity of his waiver of appeal, as we are satisfied upon our review of the plea colloquy and the written waivers of appeal that defendant knowingly, intelligently and voluntarily waived his right to appeal (see People v Ramos, 135 AD3d 1234, 1235 [2016], lv denied 28 NY3d 935 [2016]; People v Butler, 134 AD3d 1349, 1349-1350 [2015], lv denied 27 NY3d 963 [2016]; People v Viele, 130 AD3d 1097, 1097 [2015]). The valid waiver of appeal precludes defendant's challenge to County Court's denial of his motion to suppress the crack cocaine found on his person (see People v Spellicy, 123 AD3d 1228, 1230 [2014], lv denied 25 NY3d 992 [2015]; People v Tole, 119 AD3d 982, 983 [2014]; People v Colon, 101 AD3d 1161, 1161 [2012], lv denied 21 NY3d 1003 [2013]).

Defendant further argues that count 2 of the indictment charging him with conspiracy in the fourth degree was jurisdictionally defective because it failed to allege all material elements of the crime, particularly the object crime that he and another person allegedly conspired to commit. While this argument survives both defendant's guilty plea and his valid waiver of appeal (see People v Hansen, 95 NY2d 227, 230-233 [2000]; People v Mydosh, 117 AD3d 1195, 1196 [2014], lv denied 24 NY3d 963 [2014]; People v Martinez, 79 AD3d 1378, 1379 [2010], lv denied 16 NY3d 798 [2011]), we find no merit to it. "An indictment is jurisdictionally defective only if it does not effectively charge the defendant with the commission of a particular crime — for instance, if it fails to allege that the defendant committed acts constituting every material element of the crime charged" (People v D'Angelo, 98 NY2d 733, 734-735 [2002]; see People v Slingerland, 101 AD3d 1265, 1266 [2012], lv denied 20 NY3d 1104 [2013]). As relevant here, "[a] person is guilty of conspiracy in the fourth degree when, with intent that

conduct constituting . . . a class B or class C felony be performed, he or she agrees with one or more persons to engage in or cause the performance of such conduct" (Penal Law § 105.10 [1]).

Here, count 2 of the indictment charging conspiracy in the fourth degree incorporated by reference the applicable statutory provision, which reference "operates without more to constitute allegations of all the elements of the crime" (People v Cohen, 52 NY2d 584, 586 [1981]; see People v D'Angelo, 98 NY2d at 735; People v Rapp, 133 AD3d 979, 980 [2015]). Moreover, with respect to the object crime, count 2 of the indictment specifically set forth the same conduct alleged in count 1 of the indictment charging bribery in the second degree, a class C felony (see Penal Law § 200.03). Accordingly, as count 2 of the challenged indictment charged defendant with the commission of a particular crime and sufficiently apprised him of that crime (see People v Ray, 71 NY2d 849, 850 [1988]; People v Decker, 139 AD3d 1113, 1115 [2016], lv denied 28 NY3d 928 [2016]; People v Rapp, 133 AD3d at 980), it was not jurisdictionally defective.

McCarthy, J.P., Garry, Devine and Mulvey, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court