### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered: February 9, 2017          106709
_____

THE PEOPLE OF THE STATE OF
   NEW YORK,
                    Respondent,

      v                           MEMORANDUM AND ORDER

MICHAEL PETERSON,
                    Appellant.
_____

Calendar Date: January 12, 2017

Before: Peters, P.J., Egan Jr., Rose, Devine and Aarons, JJ.

_____

      Erin C. Morigerato, Albany, for appellant.

      P. David Soares, District Attorney, Albany (Michael C. Wetmore of counsel), for respondent.

_____

Egan Jr., J.

      Appeals (1) from a judgment of the County Court of Albany County (Herrick, J.), rendered September 6, 2013, convicting defendant upon his plea of guilty of the crime of criminal contempt in the first degree, and (2) from a judgment of said court, rendered November 15, 2013, which revoked defendant's probation and imposed a sentence of imprisonment.

      Defendant pleaded guilty to criminal contempt in the first degree and waived his right to appeal. County Court sentenced him on September 6, 2013 to time served and a five-year term of probation. On September 27, 2013, defendant was arrested and charged with falsely reporting an incident in the third degree and assault in the third degree. Based upon his arrest, defendant also was charged with violating his probation.

Pursuant to a negotiated plea agreement, which included a waiver of the right to appeal, defendant admitted to violating his probation.  On November 15, 2013, County Court revoked defendant's probation and resentenced him to the agreed-upon prison term of 1 to 3 years. Defendant now appeals.[1]

We affirm.  Contrary to defendant's contention, the plea colloquies and the counseled written waivers demonstrate that he knowingly, intelligently and voluntarily waived the right to appeal his conviction and resentence (see People v Long, 117 AD3d 1326, 1326 [2014], lv denied 24 NY3d 1003 [2014]; People v Frasier, 105 AD3d 1079, 1080 [2013], lv denied 22 NY3d 1088 [2014]).  The valid appeal waivers preclude defendant's challenge to his resentence as harsh and excessive (see People v Moulton, 134 AD3d 1251, 1252 [2015]; People v Handly, 122 AD3d 1007, 1008 [2014]).

Defendant's challenges to the voluntariness of both his plea to the criminal contempt charge and his admission to violating his probation are not preserved for our review, inasmuch as the record fails to disclose that he made an appropriate postallocution motion and, further, defendant made no statements during the colloquies so as to trigger the narrow exception to the preservation rule (see People v Woodard, 139 AD3d 1238, 1238-1239 [2016], lv denied 28 NY3d 939 [2016]; People v Skidds, 123 AD3d 1342, 1342-1343 [2014], lv denied 25 NY3d 992 [2015]).  Similarly, the lack of an appropriate postallocution motion renders defendant's claim that he was denied the effective assistance of counsel unpreserved for our review (see People v Beach, 115 AD3d 1117, 1118 [2014]; People v Alexander, 110 AD3d 1111, 1112 [2013], lv denied 22 NY3d 1154 [2014]).

Peters, P.J., Rose, Devine and Aarons, JJ., concur.

---

[1]  Defendant's pro se notice of appeal, filed in August 2014, is from a "judgment" rendered July 10, 2013.  While there is no such judgment in the record before us, it appears that defendant intended to appeal from both the September 6, 2013 and November 15, 2013 judgments.  As such, we will exercise our discretion and overlook this error (see CPL 460.10 [6]).

ORDERED that the judgments are affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court