■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN W. DUBOIS, JR., Appellant. [55 NYS3d 513]—

Egan Jr., J. Appeal from a judgment of the County Court of Saratoga County (Sypniewski, J.), rendered August 24, 2015, convicting defendant upon his plea of guilty of the crimes of burglary in the first degree and burglary in the second degree.

In November 2014, defendant was charged in an eight-count indictment, as amplified by a bill of particulars, with burglary in the first degree and other violent crimes stemming from his invasion of an apartment in the middle of the night, during which he assaulted the female occupant. In June 2015, defendant was charged in a superior court information with burglary in the second degree related to another home invasion. Pursuant to a joint plea agreement resolving all charges, defendant pleaded guilty to burglary in the first degree under count 2 of the indictment, and also waived indictment and pleaded guilty to burglary in the second degree as charged in the superior court information. The plea agreement required that defendant waive his right to appeal, and he admitted his status as a

second felony offender. Consistent with the agreement, County Court imposed a prison sentence of 25 years with five years of postrelease supervision on the first degree burglary conviction and a five-year prison sentence with five years of postrelease supervision on the second degree burglary conviction, the sentences to be served consecutively. Defendant appeals.

We affirm. Initially, contrary to defendant's claim, the plea colloquy and the signed waivers demonstrate that he knowingly, intelligently and voluntarily waived the right to appeal his conviction and sentence (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Peterson*, 147 AD3d 1148, 1149 [2017]). More specifically, the record reflects that, as to each conviction, an appeal waiver was recited as a condition of the plea agreement, County Court explained its meaning and made clear its separate and distinct nature and defendant indicated that he understood and accepted this condition. Defendant then signed separate written appeal waivers in open court after conferring with counsel and assuring the court that he understood them (*see People v Lewis*, 143 AD3d 1183, 1185 [2016]), which he reaffirmed at sentencing. Given the valid appeal waivers, defendant is precluded from challenging the agreed-upon sentence as harsh and excessive (*see People v Peterson*, 147 AD3d at 1149).

Defendant's challenge to his guilty plea survives his waivers of appeal but was not preserved by an appropriate postallocution motion despite a reasonable opportunity to do so (*see* CPL 220.60 [3]; *People v Williams*, 27 NY3d 212, 214 [2016]; *People v Peterson*, 147 AD3d at 1149). Further, defendant made no statements during the plea allocution that cast doubt upon his guilt or otherwise called into question the voluntariness of his plea so as to trigger the narrow exception to the preservation requirement (*see People v Lopez*, 71 NY2d 662, 665-666 [1988]; *People v Lewis*, 143 AD3d at 1185). Were we to address this claim, we would find that, contrary to defendant's argument, County Court advised him during the plea allocution that he would be waiving, among other rights, his right to present defenses, which he indicated he understood, and he acknowledged that he was pleading guilty because he was, in fact, guilty, thereby establishing the knowing, voluntary and intelligent nature of his plea (*see People v Haffiz*, 19 NY3d 883, 884 [2012]; *People v Khan*, 139 AD3d 1261, 1264 n 3 [2016], *lv denied* 28 NY3d 932 [2016]).

Defendant's ineffective assistance of counsel claim survives his waivers of appeal to the extent that it impacts upon the voluntariness of his guilty plea, but is similarly unpreserved for our review in the absence of an appropriate postallocution

motion (*see People v Lewis*, 143 AD3d at 1185). In any event, defense counsel made appropriate pretrial challenges to the grand jury proceedings and indictment and contested the admissibility of defendant's statements to police, in addition to securing a favorable plea deal, and defendant indicated during the plea allocution that he was satisfied with counsel's representation. Accordingly, were we to address this claim, we would find that there is nothing in the record that calls into question counsel's effectiveness (*see People v Hall*, 147 AD3d 1151, 1152 [2017]; *People v Oddy*, 144 AD3d 1322, 1324 [2016]). Defendant's claims that refer to matters outside of the record, such as what counsel advised him, are more properly raised in a CPL article 440 motion (*see People v Perkins*, 140 AD3d 1401, 1403 [2016], *lv denied* 28 NY3d 1126 [2016]).

Defendant further argues that the indictment is jurisdictionally defective.* However, "[a]n indictment is jurisdictionally defective only if it does not effectively charge the defendant with the commission of a particular crime—for instance, if it fails to allege that the defendant committed acts constituting every material element of the crime charged" (*People v D'Angelo*, 98 NY2d 733, 734-735 [2002]). Here, each count of the indictment cited the pertinent Penal Law section and recited the statutory elements of the crime and, accordingly, the indictment was not jurisdictionally defective (*see id.* at 735; *People v Wilson*, 144 AD3d 1182, 1183 [2016]). Defendant also raises other issues with regard to alleged defects in the indictment, challenging the factual specificity of each count, compliance with the requirements of CPL 200.50 (7) and the legal sufficiency of the evidence underlying certain counts. However, these claims are nonjurisdictional in nature and, thus, were waived by defendant's guilty plea (*see People v Brice*, 146 AD3d 1152, 1154 [2017], *lv denied* 29 NY3d 996 [Apr. 20, 2017]; *People v Wares*, 124 AD3d 1079, 1080 [2015], *lv denied* 25 NY3d 993 [2015]; *People v Cole*, 118 AD3d 1098, 1099 [2014]). Such claims also were expressly encompassed by defendant's signed waivers of appeal. Defendant's remaining contentions similarly lack merit.

Garry, J.P., Lynch, Clark and Aarons, JJ., concur. Ordered that the judgment is affirmed.

 ---

* Defendant moved to dismiss the indictment but did not raise this specific issue. However, a jurisdictional defect in an indictment survives an appeal waiver and "is not subject to the preservation rule" (*People v Pierce*, 14 NY3d 564, 570 n 2 [2010]).