People v Sumter (2018 NY Slip Op 00354)





People v Sumter


2018 NY Slip Op 00354


Decided on January 18, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 18, 2018

107631

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
THOMAS SUMTER, Appellant.

Calendar Date: December 14, 2017

Before: McCarthy, J.P., Egan Jr., Devine, Mulvey and

 Rumsey, JJ.

Erin C. Morigerato, Albany, for appellant.
P. David Soares, District Attorney, Albany (Michael C. Wetmore of counsel), for respondent.


McCarthy, J.P.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered May 27, 2015, which revoked defendant's probation and imposed a sentence of imprisonment.
In 2013, defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree and waived the right to appeal. He was sentenced to five years of probation, the terms of which included, among other things, that he successfully complete the Albany County drug court program. County Court explained that, under the plea agreement, if defendant failed to complete the program or otherwise violated a condition of probation, his probation would be revoked and he would be sentenced, as a second felony drug offender, to a prison
term of no less than seven years or more than eight years, with three years of postrelease supervision. In 2015, defendant pleaded guilty to violating the terms of his probation by, among other things, being arrested and failing to complete the drug court program, and he waived the right to appeal. County Court revoked his probation and sentenced him, as a second felony drug offender, to seven years in prison, to be followed by three years of postrelease supervision. Defendant appeals.
We reject defendant's contention that his waiver of the right to appeal was invalid (see People v Bartlett, 148 AD3d 1468, 1469 [2017]; People v Dolberry, 147 AD3d 1149, 1150 [2017], lv denied 29 NY3d 1078 [2017]). Defendant's contention that his guilty plea to the probation violation was not knowing, intelligent and voluntary survives his appeal waiver but is [*2]unpreserved for our review inasmuch as the record does not reflect that he made an appropriate postallocution motion (see People v Woodard, 139 AD3d 1238, 1238 [2016], lv denied 28 NY3d 939 [2016]; People v Secore, 102 AD3d 1057, 1058 [2013], lv denied 21 NY3d 1019 [2013])[FN1]. Moreover, the exception to the preservation rule is inapplicable here as defendant did not make any statements that were inconsistent with his guilt or cast doubt on the voluntariness of his plea (see People v Jones, 139 AD3d 1237, 1237 [2016], lv denied 28 NY3d 932 [2016]; People v McGregor, 119 AD3d 1235, 1236 [2014], lv denied 25 NY3d 991 [2015]). Similarly, to the extent that defendant's ineffective assistance of counsel claims implicate the voluntariness of his plea, such claims survive his valid appeal waiver but are not preserved for our review absent an appropriate postallocution motion (see People v Dubois, 150 AD3d 1562, 1563-1564 [2017]; People v Islam, 134 AD3d 1348, 1349 [2015]).
Defendant also contends that his federal drug conspiracy conviction does not qualify as a predicate New York felony and, therefore, it cannot serve as a basis for his second felony drug offender adjudication. Although this claim is being raised for the first time on appeal, we find that the claim "falls within the narrow exception to our preservation rule permitting appellate review when a sentence's illegality is readily discernible from the . . . record" (People v Santiago, 22 NY3d 900, 903 [2013]; see People v Samms, 95 NY2d 52, 55-56 [2000]; People v Martinez, 130 AD3d 1087, 1088 [2015], lv denied 26 NY3d 1010 [2015]). In the special information charging a predicate offense, the People alleged that defendant was previously convicted in the US District Court for the Northern District of New York of conspiracy to distribute marihuana (21 USC §§ 841, 846). However, the Court of Appeals has determined that, "under New York's 'strict equivalency' standard for convictions rendered in other jurisdictions, a federal conviction for conspiracy to commit a drug crime may not serve as a predicate felony for sentencing purposes" (People v Ramos, 19 NY3d 417, 418 [2012]). We therefore vacate the sentence and remit the matter to County Court for resentencing (see People v Parker, 121 AD3d 1190, 1191 [2014]).
Egan Jr., Devine, Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Albany County for resentencing; and, as so modified, affirmed.



Footnotes

Footnote 1: To the extent that defendant also challenges his guilty plea to attempted criminal sale of a controlled substance in the third degree, those arguments are not before us inasmuch as he did not appeal from that judgment (see People v Brodsky, 16 AD3d 842, 843 [2005]).