People v Harrington (2019 NY Slip Op 01857)





People v Harrington


2019 NY Slip Op 01857


Decided on March 14, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 14, 2019

109520

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
NATHAN HARRINGTON, Appellant.

Calendar Date: February 8, 2019

Before: Garry, P.J., Clark, Mulvey, Devine and Pritzker, JJ.


Matthew A. Toporowksi, Albany, for appellant, and appellant pro se.
P. David Soares, District Attorney, Albany (Michael C. Wetmore of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Albany County (Carter, J.), rendered May 4, 2017, which revoked defendant's probation and imposed a sentence of imprisonment.
In March 2016, defendant pleaded guilty to two counts of attempted sexual abuse in the first degree and was sentenced to two 10-year terms of probation, said terms to run concurrently. Defendant's probation was subject to various conditions, including that he refrain from using, possessing or viewing pornography. After a routine search of defendant's cell phone disclosed multiple pornographic images, defendant was charged with violating his probation. In March 2017, defendant admitted to violating his probation, and County Court thereafter revoked defendant's probation and sentenced him to concurrent prison terms of 2½ years followed by 10 years of postrelease supervision. Defendant now appeals.
We affirm. To the extent that defendant's brief may be read as challenging the voluntariness of his guilty plea to the probation violation, this argument is unpreserved for our review in the absence of an appropriate postallocution motion (see People v Shaw, 157 AD3d 1138, 1140 [2018]; People v Sumter, 157 AD3d 1125, 1125 [2018]; People v Peterson, 147 AD3d 1148, 1149 [2017]). Further, as defendant did not make any statements during the plea colloquy that were inconsistent with his guilt or otherwise called into question the voluntariness of his plea, the narrow exception to the preservation requirement was not triggered (see People v Sumter, 157 AD3d at 1126; People v Woodard, 139 AD3d 1238, 1238-1239 [2016], lv denied 28 NY3d 939 [2016]). Finally, we agree with defendant that the purported waiver of the right to appeal was invalid, thereby permitting him to challenge the severity of the sentence imposed. That said, given "defendant's inability to comply with the terms of his probation, we find no abuse of discretion or extraordinary circumstances warranting a modification of his sentence in the interest of justice" (People v Cook, 133 AD3d 1048, 1048 [2015] [internal quotation marks and citation omitted]).
Garry, P.J., Clark, Mulvey, Devine and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.