People v Cannelli (2019 NY Slip Op 05234)





People v Cannelli


2019 NY Slip Op 05234


Decided on June 27, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 27, 2019

109849

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
LAURIE M. CANNELLI, Appellant.

Calendar Date: May 24, 2019

Before: Egan Jr., J.P., Lynch, Mulvey, Rumsey and Pritzker, JJ.


Lisa A. Burgess, Indian Lake, for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (Gordon W. Eddy of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Saratoga County (Murhpy, J.), rendered August 21, 2017, convicting defendant upon her plea of guilty of the crimes of criminal possession of a controlled substance in the fourth degree and burglary in the second degree.
In February 2017, defendant was charged in an indictment with criminal possession of a controlled substance in the third degree (two counts) and driving while ability impaired by drugs. Following her arraignment on that indictment, defendant was charged in another indictment with burglary in the first degree (five counts), attempted robbery in the first degree, criminal possession of a weapon in the third degree (two counts), assault in the second degree (five counts), menacing in the second degree (two counts), criminal mischief in the third degree, kidnapping in the second degree and criminal sale of a controlled substance in the third degree (two counts). Pursuant to a negotiated plea agreement, and in full satisfaction of both indictments, defendant pleaded guilty to the reduced charges of criminal possession of a controlled substance in the fourth degree in satisfaction of the first indictment and burglary in the second degree in satisfaction of the second indictment and waived her right to appeal, both orally and in writing. Consistent with the terms of the plea agreement, County Court imposed upon defendant, as a second felony offender, a prison sentence of 12 years, to be followed by five years of postrelease supervision, for her burglary conviction and to a lesser concurrent sentence on her remaining conviction. Defendant now appeals, contending that her appeal waivers is invalid and that her agreed-upon sentence is harsh and excessive.
We affirm. Contrary to her contention, defendant validly waived her right to appeal. Initially, the record reflects that defendant was advised at the outset of the plea proceeding that the waiver of her right to appeal was a condition of the plea agreement, and defendant indicated that she accepted this condition (see People v Vanalst, 171 AD3d 1349, 1350 [2019]; People v Cherry, 166 AD3d 1220, 1221 [2018]; People v Charles, 163 AD3d 1362, 1362 [2018], lv denied 32 NY3d 1063 [2018]). During the plea colloquy, County Court distinguished the right to appeal as separate and distinct from the other trial-related rights automatically forfeited by a guilty plea [*2](see People v Lopez, 6 NY3d 248, 256-257 [2006]; People v Tucker, 164 AD3d 948, 949 [2018]; People v Rogers, 162 AD3d 1410, 1410 [2018]). Defendant then signed, for each indictment, separate written appeal waivers in open court after conferring with counsel and assuring the court that she understood the written waivers, in which defendant indicated that she understood the separate and distinct nature of the right to appeal and that she was giving up her right to appeal, among other things, the sentence imposed in consideration of the plea agreement (see People v Johnson, 170 AD3d 1274, 1275 [2019]; People v Watkins, 166 AD3d 1239, 1240 [2018], lv denied 33 NY3d 955 [2019]; People v Dubois, 150 AD3d 1562, 1563 [2017]). Accordingly, we find that defendant's combined oral and written waivers of appeal were knowing, intelligent and voluntary (see People v Cherry, 166 AD3d at 1221; People v Turner, 158 AD3d 892, 892 [2018]). Given the valid appeal waivers, review of defendant's claim that the agreed-upon sentence imposed was harsh and excessive is precluded (see People v Pacherille, 25 NY3d 1021, 1023 [2015]; People v Lopez, 6 NY3d at 256; People v Douglas, 168 AD3d 1285, 1286 [2019]; People v Bridge, 166 AD3d 1168, 1169 [2018], lv denied 32 NY3d 1124 [2018]).
Egan Jr., J.P., Lynch, Mulvey, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.