People v Feltz (2021 NY Slip Op 00055)





People v Feltz


2021 NY Slip Op 00055


Decided on January 7, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 7, 2021

110631

[*1]The People of the State of New York, Respondent,
v
Ryan Feltz, Appellant.

Calendar Date: November 23, 2020

Before: Garry, P.J., Egan Jr., Mulvey and Colangelo, JJ.


Erin C. Morigerato, Albany, for appellant.
Joseph Stanzione, District Attorney, Catskill (Denise J. Kerrigan of counsel), for respondent.



Garry, P.J.
Appeal from a judgment of the County Court of Greene County (Young, J.), rendered July 16, 2018, which revoked defendant's probation and imposed a sentence of imprisonment.
In 2014, defendant was convicted of criminal possession of a weapon in the third degree and was sentenced to five years of probation. While executing an eviction warrant in 2018 at a residence occupied by defendant, police recovered a number of loaded handguns. As a result, defendant was charged with criminal possession of a weapon in the third degree and violating his probation conditions. He subsequently pleaded guilty to the weapon charge, purportedly waived his right to appeal and admitted to violating the conditions of his probation. In accord with the terms of the plea agreement, defendant's probation was revoked and he was resentenced on the 2014 crime to a prison term of 1 to 3 years.[FN1] Defendant appeals.
Defendant's right to appeal was knowingly, intelligently and voluntarily waived (see People v Inman, 177 AD3d 1167, 1167-1168 [2019]; see also People v Lopez, 6 NY3d 248, 256-257 [2006]). The People, in setting forth the terms of the plea, and County Court, in the plea colloquy, advised defendant that the plea bargain required a waiver of appeal for both the violation of probation and the new charge. The court conducted a thorough colloquy; following a discussion of defendant's trial rights, the court distinguished defendant's right to appeal as separate, apart and independent from his trial rights, verified that defendant understood the right to appeal before entering his plea, and confirmed that defendant had discussed the plea and the appeal waiver with his counsel. The valid waiver precludes defendant's challenge to the severity of the sentence (see People v Dorsey, 170 AD3d 1325, 1326 [2019], lv denied 33 NY3d 1068 [2019]).
To the extent that defendant challenges the voluntariness of his admission to the probation violation, such a challenge survives his appeal waiver, but is unpreserved for our review absent evidence of an appropriate postallocution motion (see People v Huntley, 177 AD3d 1034, 1035 [2019], lv denied 34 NY3d 1129 [2020]; People v Mastro, 174 AD3d 1232, 1232 [2019]). Moreover, defendant's statements at sentencing regarding a postconviction challenge to the underlying 2014 conviction that he had filed in another court did not negate his factual admissions to the elements of the probation violation or otherwise trigger the narrow exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Gumbs, 182 AD3d 701, 702 [2020], lv denied 35 NY3d 1066 [2020]). The appeal waiver similarly does not preclude defendant's claim of ineffective assistance of counsel, to the extent that it relates to the voluntariness of the plea, but that claim is also unpreserved in the absence of an appropriate postallocution motion (see People v Badmaxx, 178 AD3d 1205, 1205 [2019]; People v Williams, 150 AD3d 1549, 1551 [2017]). [*2]As for counsel's other alleged inadequacies, including his claimed failure to properly advise defendant and investigate potential defenses, these involve matters outside the record that are more properly raised in a CPL article 440 motion (see People v Drake, 179 AD3d 1221, 1222 [2020], lv denied 35 NY3d 941 [2020]; People v Mastro, 174 AD3d at 1233). We have considered defendant's remaining contentions, including those raised in his pro se brief, and find them to be unpersuasive.
Egan Jr., Mulvey and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Defendant was also sentenced as a second felony offender upon his conviction of criminal possession of a firearm to a prison term of 1½ to 3 years, to run concurrently with the resentence imposed on the 2014 crime. This conviction is the subject of a separate appeal (People v Feltz, ___ AD3d ___ [appeal No. 110599, decided herewith]).