People v Purdie (2022 NY Slip Op 03284)

People v Purdie

2022 NY Slip Op 03284

Decided on May 19, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 19, 2022

111748
[*1]The People of the State of New York, Respondent,
v
Louis Cardell Purdie, Appellant.

Calendar Date:April 19, 2022

Before:Lynch, J.P., Clark, Aarons, Colangelo and McShan, JJ.

Aaron A. Louridas, Delmar, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Colangelo, J.
Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered May 17, 2019, which revoked defendant's probation and imposed a sentence of imprisonment.
In May 2016, defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree and was sentenced to six months in jail followed by five years of probation. Defendant's probation was subject to various terms and conditions, including that he remain within the jurisdiction of County Court unless granted permission to relocate. In May 2019, defendant was charged with violating his probation by, among other things, relocating to Albany County without prior permission. Pursuant to a negotiated agreement, defendant agreed to admit to violating this condition of his probation with the understanding that his probation would be revoked and he would be sentenced — as a second felony offender — to a prison term of two years followed by three years of postrelease supervision. Following defendant's admission, the matter was adjourned for sentencing in order to permit defendant to address certain medical issues. County Court subsequently revoked defendant's probation and imposed the agreed-upon term of imprisonment, and this appeal ensued.
We affirm. Defendant's challenge to the voluntariness of his admission to the probation violation is unpreserved for our review, as the record does not reflect that defendant made an appropriate postallocution motion (see People v Feltz, 190 AD3d 1027, 1028 [2021]; People v Sumter, 157 AD3d 1125, 1125 [2018]; People v Peterson, 147 AD3d 1148, 1149 [2017]) — despite having an opportunity to do so prior to sentencing (compare People v Miazga, 171 AD3d 1358, 1359 [2019]). Additionally, defendant did not make any statements during the course of his admission that triggered the narrow exception to the preservation requirement (see People v Peterson, 147 AD3d at 1149; People v Woodard, 139 AD3d 1238, 1238-1239 [2016], lv denied 28 NY3d 939 [2016]), and we decline defendant's invitation to take corrective action in the interest of justice. In any event, County Court's statements to defendant regarding his maximum sentencing exposure did not constitute coercion (see People v White, 153 AD3d 1044, 1045 [2017], lv denied 30 NY3d 1023 [2017]; People v Lobaton, 140 AD3d 1534, 1535 [2016], lv denied 28 NY3d 972 [2016]), and the record is otherwise devoid of proof that County Court "threatened" defendant or that his "free will was broken" (see People v Miazga, 171 AD3d at 1359-1360 [internal quotation marks omitted]).
Finally, although defendant has served his prison sentence, he has not reached the maximum expiration date of his period of postrelease supervision. Accordingly, defendant's challenge to the severity of his sentence is not moot (compare People v Hancarik, 202 AD3d 1151, 1157 [2022]). That said, given defendant's criminal history and his demonstrated inability to comply with the terms and conditions [*2]of his release while previously on probation or parole, we discern no extraordinary circumstances or abuse of discretion warranting a reduction of the sentence imposed (see People v Woodard, 139 AD3d at 1239). Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Lynch, J.P., Clark, Aarons and McShan, JJ., concur.
ORDERED that the judgment is affirmed.