People v Demonia (2022 NY Slip Op 06190)

People v Demonia

2022 NY Slip Op 06190

Decided on November 3, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 3, 2022

111846
[*1]The People of the State of New York, Respondent,
v
Antonio Demonia, Appellant.

Calendar Date:September 9, 2022

Before:Garry, P.J., Egan Jr., Lynch, Clark and Ceresia, JJ.

Carolyn B. George, Albany, for appellant.
David J. Clegg, District Attorney, Kingston (Joan Gudesblatt Lamb), for respondent.

Clark, J.
Appeal from a judgment of the County Court of Ulster County (Donald A. Williams, J.), rendered April 2, 2019, which revoked defendant's probation and imposed a sentence of imprisonment.
In 2015, defendant pleaded guilty to a superior court information charging him with criminal possession of a controlled substance in the fifth degree and was sentenced to six months in jail, followed by five years of probation. In December 2018, defendant was charged with violating numerous terms and conditions of his probation. A few months later, in an amended declaration of delinquency, he was charged with additional violations. Defendant ultimately admitted to the alleged probation violations, and, pursuant to a negotiated disposition, County Court revoked defendant's probation, sentenced him to 2½ years in prison, followed by one year of postrelease supervision, and "order[ed]" that defendant's "period of incarceration be spent under [s]hock incarceration." Defendant appeals.[FN1]
Defendant contends that he involuntarily admitted to violating the terms and conditions of his probation because such admission was induced by County Court's unfulfilled promise that he would serve his period of incarceration in a shock incarceration program. He relatedly argues that he received ineffective assistance of counsel because his attorney was mistaken as to his eligibility for a shock incarceration program. Defendant's arguments, however, are unpreserved for our review in the absence of an appropriate postallocution motion (see People v Purdie, 205 AD3d 1225, 1225 [3d Dept 2022], lv denied 38 NY3d 1135 [2022]; People v Peterson, 147 AD3d 1148, 1149 [3d Dept 2017]; People v Warriner, 98 AD3d 1190, 1191 [3d Dept 2012]), and the narrow exception to the preservation requirement was not triggered here (see People v Woodard, 139 AD3d 1238, 1238-1239 [3d Dept 2016], lv denied 28 NY3d 939 [2016]). Further, under the circumstances of this case, we decline defendant's invitation to take corrective action in the interest of justice (see People v Purdie, 205 AD3d at 1225). Accordingly, we affirm.
Garry, P.J., Egan Jr., Lynch and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Although defendant has served his sentence and reached the maximum expiration date of his period of postrelease supervision, the challenges he raises on appeal have not been rendered moot (see People v Hancarik, 202 AD3d 1151, 1151 [3d Dept 2022]).