People v Curry (2022 NY Slip Op 06296)

People v Curry

2022 NY Slip Op 06296

Decided on November 10, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 10, 2022

112233
[*1]The People of the State of New York, Respondent,
v
Aaron M. Curry, Appellant.

Calendar Date:October 19, 2022

Before:Egan Jr., J.P., Clark, Pritzker, Reynolds Fitzgerald and Ceresia, JJ.

Erin C. Morigerato, Albany, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Kerianne Morrissey of counsel), for respondent.

Clark, J.
Appeal from a judgment of the County Court of Clinton County (Timothy J. Lawliss, J.), rendered December 18, 2019, which revoked defendant's probation and imposed a sentence of imprisonment.
In April 2018, upon his plea of guilty of the crimes of grand larceny in the third degree and grand larceny in the fourth degree, defendant was sentenced to concurrent six-month jail terms to be followed by five years of probation.[FN1] In September 2019, defendant was charged with violating several terms of his probation. On the day scheduled for a hearing on the violation petition, following an off-the-record conference, defendant admitted to willfully violating two conditions of probation, namely, failing to report to his probation officer and failing to report for an alcohol test as directed. County Court made no sentencing promises but advised defendant of the maximum potential resentence that could be imposed on the convictions. The court thereafter found that defendant had willfully violated the terms of his probation and, consequently, revoked his probation and resentenced him to concurrent prison terms of 2 to 6 years on the grand larceny in the third degree conviction and 1&frac13; to 4 years on the grand larceny in the fourth degree conviction. Defendant appeals.
We affirm. Defendant's challenge to the voluntariness of his admission to the probation violations is unpreserved for our review, as the record does not reflect that he made an appropriate postallocution motion (see CPL 220.60 [3]; People v Purdie, 205 AD3d 1225, 1225 [3d Dept 2022], lv denied 38 NY3d 1135 [2022]; People v Feltz, 190 AD3d 1027, 1028 [3d Dept 2021]), despite ample time to do so during the month following his admission, prior to sentencing (see People v Williams, 27 NY3d 212, 214 [2016]; People v Conceicao, 26 NY3d 375, 381-382 [2015]; compare People v Miazga, 171 AD3d 1358, 1359 [3d Dept 2019]). Were we to review this claim, we would find that defendant was advised of the consequences of his admissions and the maximum potential sentence, and that his sworn admissions were knowing, voluntary and intelligent (see People v Miazga, 171 AD3d at 1359). Moreover, defendant was advised that, if he admitted the allegations, he would be forgoing an evidentiary hearing and the rights associated with a hearing, all of which were explained and which he waived (see People v McMillan, 166 AD3d 1231, 1232 [3d Dept 2018]; see also CPL 410.70).
Defendant argues that defense counsel did not provide the effective assistance of counsel. Notably, the substance of the off-the-record conference held just prior to defendant's admissions is unknown, and defendant consented to not being present. Defendant's assertions as to what counsel investigated or what counsel advised or failed to advise him regarding making admissions, waiving a hearing, possible defenses to the violation petition and the strength of the People's case are outside of the record on direct appeal and, as such, are more properly raised [*2]in a motion to vacate pursuant to CPL article 440, in conjunction with his record-based claims (see People v Taylor, 135 AD3d 1237, 1238 [3d Dept 2016], lv denied 27 NY3d 1075 [2016]; see e.g. People v Goodwalt, 205 AD3d 1070, 1072-1073 [3d Dept 2022], lv denied 38 NY3d 1071 [2022]; People v Johnson, 194 AD3d 1267, 1269 [3d Dept 2021]). Sentencing was left to the discretion of County Court and defense counsel argued, albeit unsuccessfully, the relevant mitigating factors in favor of probation or jail time instead of prison. Although the court ultimately imposed a lengthy prison sentence — one which was below the maximum permitted for the grand larceny in the third degree conviction (see Penal Law § 70.00 [2] [d]; [3] [b]) — counsel's strategy did not render the representation ineffective (see People v Benevento, 91 NY2d 708, 713-714 [1998]; People v Ballard, 200 AD3d 1476, 1478 [3d Dept 2021], lv denied 38 NY3d 925 [2022]). Finally, upon consideration of the relevant factors and underlying conduct, we are not persuaded by defendant's contention that the sentence was "unduly harsh or severe" (CPL 470.15 [6] [b]) given his significant criminal history.[FN2] Defendant's remaining claims have been considered and found to be without merit.
Egan Jr., J.P., Pritzker, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Defendant also pleaded guilty to four misdemeanors, for which fines were imposed.

Footnote 2: Defendant's arguments regarding a waiver of appeal are misplaced as no oral or written waiver was contemplated or executed with regard to these admissions.