People v Recore (2022 NY Slip Op 07100)

People v Recore

2022 NY Slip Op 07100

Decided on December 15, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 15, 2022

112904
[*1]The People of the State of New York, Respondent,
v
Kristian Recore, Appellant.

Calendar Date:November 21, 2022

Before:Egan Jr., J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Lisa A. Burgess, Indian Lake, for appellant.
Jonathan J. Miller, Acting District Attorney, Malone (Jennifer M. Hollis of counsel), for respondent.

Egan Jr., J.P.
Appeal from a judgment of the County Court of Franklin County (Robert G. Main Jr., J.), rendered May 3, 2021, which revoked defendant's probation and imposed a sentence of imprisonment.
In 2018, defendant pleaded guilty to criminal sale of a controlled substance in the fourth degree and was sentenced to five years of probation. In 2021, a uniform court report was filed alleging that defendant had violated numerous conditions of her probation. Defendant ultimately admitted to violating her probation and waived her right to appeal. Thereafter, County Court revoked defendant's probation and sentenced her to three years in prison followed by two years of postrelease supervision. Defendant appeals.
We are unpersuaded by defendant's contention that County Court abused its discretion in denying her request to retain new counsel. "It is certainly well established that the right to counsel, guaranteed by both the Federal and State Constitutions, embraces the right of . . . criminal defendant[s] to be represented by counsel of [their] own choosing[, and that they] be accorded a reasonable opportunity to select and retain [their] counsel" (People v Arroyave, 49 NY2d 264, 270 [1980] [internal citations omitted]; accord People v Singleton, 163 AD3d 1272, 1273 [3d Dept 2018]). This fundamental "right to counsel of choice is qualified, and may cede, under certain circumstances, to concerns of the efficient administration of the criminal justice system" (People v O'Daniel, 24 NY3d 134, 138 [2014] [internal quotation marks and citation omitted]; see People v Kirkley, 172 AD3d 1541, 1543 [3d Dept 2019], lv denied 33 NY3d 1106 [2019]). In other words, the right to counsel of choice may not be used to delay judicial proceedings and "appellate courts must recognize a trial court's wide latitude in balancing the right to counsel of choice against the needs of fairness and against the demands of its calendar" (People v O'Daniel, 24 NY3d at 138 [internal quotation marks and citation omitted]; see People v Arroyave, 49 NY2d at 271-272; People v Miller, 166 AD3d 1385, 1387 [3d Dept 2018], lv denied 32 NY3d 1207 [2019]).
Assigned counsel was present with defendant on January 26, 2021 at her arraignment on the violation of probation. Nearly two months later, at the commencement of the evidentiary hearing on March 24, 2021, defendant, for the first time, indicated that she wanted to hire new counsel. Despite ample time to do so, defendant did not request new counsel until immediately prior to the commencement of the evidentiary hearing and noted only that she wished to hire counsel. No reason for the substitution was offered and, contrary to defendant's contention, we are unpersuaded that County Court was obliged to inquire further about the reason for her desire to retain counsel. Under these circumstances, we find no abuse of discretion in County Court denying defendant's request or that she was denied her right to counsel of her choosing (see People v Miller, 166 AD3d [*2]at 1387; People v Singleton, 163 AD3d at 1273; People v Nelson, 1 AD3d 796, 797-798 [3d Dept 2003], lv denied 1 NY3d 631 [2004]; People v Fruehwirth, 83 AD2d 975, 976 [3d Dept 1981]).
Defendant's challenge to the factual sufficiency of the conditions she admitted to violating is precluded by the unchallenged waiver of appeal (see People v Huntley, 177 AD3d 1034, 1035 [3d Dept 2019], lv denied 34 NY3d 1129 [2020]). Further, defendant's contention that her admission was not voluntary, which is not precluded by the appeal waiver, is unpreserved for our review absent an appropriate postallocution motion, and we are unpersuaded that the narrow exception to the preservation rule is applicable (see id.).
Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed.