People v Wells (2023 NY Slip Op 03515)

People v Wells

2023 NY Slip Op 03515

Decided on June 29, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 29, 2023

112843
[*1]The People of the State of New York, Respondent,
v
John Wells, Appellant.

Calendar Date:June 7, 2023

Before:Lynch, J.P., Clark, Pritzker, Reynolds Fitzgerald and Fisher, JJ.

Theodore J. Stein, Woodstock, for appellant.
Brian P. Conaty, Acting District Attorney, Monticello (Danielle K. Blackaby of counsel), for respondent.

Fisher, J.
Appeal from a judgment of the Supreme Court (Stephan G. Schick, J.), rendered October 30, 2020 in Sullivan County, which revoked defendant's probation and imposed a sentence of imprisonment.
In late 2017, defendant pleaded guilty in Sullivan County to a superior court information charging him with one count of grand larceny in the third degree. He received a split sentence of six months in the local jail and five years of probation (subject to various terms and conditions), and was further ordered to pay restitution. In October 2019, a violation of probation petition was filed, alleging that defendant had violated the terms and conditions of his probation by failing to pay restitution and being charged via felony complaints in Orange County with, among other crimes, various sex offenses. County Court (McGuire, J.) issued a declaration of delinquency and defendant was arraigned on the violation petition in November 2019, at which time defendant indicated that he understood why he was appearing in court, and counsel was assigned.
After defendant pleaded guilty to criminal sexual act in the second degree in Orange County, he agreed to admit to violating his probation with the understanding that his probation would be revoked, his resulting prison sentence would be capped at 2&frac13; to 7 years and such sentence would run concurrently with the sentence to be imposed in Orange County. Defendant made the contemplated admissions, and Supreme Court (Schick, J.) thereafter revoked defendant's probation and sentenced him to a prison term of 2 to 6 years. This appeal ensued.
We affirm. "[A] claim that a probationer was not promptly brought before the court following the filing of a declaration of delinquency is subject to the usual rules of preservation" (People v Horvath, 37 AD3d 33, 36 [2d Dept 2006]), as is any assertion that a probationer "was denied a prompt hearing pursuant to CPL 410.30 on the violation of probation petition" (People v Mills, 45 AD3d 892, 894 [3d Dept 2007], lv denied 9 NY3d 1036 [2008]). Inasmuch as defendant failed to raise any objections in this regard at the violation hearing, such arguments are unpreserved for our review (see People v Beauvais, 101 AD3d 1488, 1489 [3d Dept 2012]; People v Williams, 19 AD3d 868, 869 [3d Dept 2005]). Defendant's challenge to the sufficiency of the declaration of delinquency and/or violation of probation petition is similarly unpreserved (see People v Hill, 148 AD3d 1469, 1470 [3d Dept 2017], lv denied 29 NY3d 1080 [2017]; see generally People v Turner, 136 AD3d 1111, 1112-1113 [3d Dept 2016], lv denied 27 NY3d 1140 [2016]). Defendant's related assertion — that he was denied the effective assistance of counsel due to counsel's failure to further explore the conduct forming the basis for defendant's violation of probation — also is unpreserved for our review absent evidence of an appropriate postallocution motion (see People v Demonia, 210 AD3d 1140, 1141 [3d Dept 2022]; People v Feltz, 190 AD3d 1027[*2], 1028-1029 [3d Dept 2021]; People v Peterson, 147 AD3d 1148, 1149 [3d Dept 2017]). Nevertheless, our review of the record reveals that defendant was afforded sufficient notice of the charges against him and otherwise was accorded due process.
Lynch, J.P., Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.