People v Hendrie (2025 NY Slip Op 05278)

People v Hendrie

2025 NY Slip Op 05278

Decided on October 2, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 2, 2025

CR-23-0617
[*1]The People of the State of New York, Respondent,
v
Jessica Hendrie, Appellant.

Calendar Date:September 5, 2025

Before:Pritzker, J.P., Lynch, Reynolds Fitzgerald, Fisher and Mackey, JJ.

Erin C. Morigerato, Albany, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Blythe Hicks, admitted pro hac vice, of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from a judgment of the County Court of Clinton County (Keith Bruno, J.), rendered January 9, 2023, which revoked defendant's probation and imposed a sentence of imprisonment.
Defendant pleaded guilty to criminal nuisance in the first degree and was sentenced in August 2021 to six months in jail followed by five years of probation — the latter of which was subject to various terms and conditions.[FN1] In April 2022, a violation of probation petition was filed alleging that defendant, among other things, failed to report on two occasions, neglected to maintain an independent residence, twice tested positive for cocaine, was noncompliant with her substance abuse treatment and was in arrears with respect to the fine/surcharge previously imposed in connection with her underlying conviction. Following her arraignment on the violation petition, defendant was released on her own recognizance in anticipation of her securing placement in an inpatient treatment facility. When defendant failed to appear for a scheduled conference in June 2022, a bench warrant was issued, and defendant ultimately was returned to County Court in October 2022. After being advised of her right to a hearing and the maximum sentence that could be imposed, defendant elected to admit to violating the subject terms and conditions of her probation with the understanding that sentencing would be left to the discretion of County Court. County Court thereafter revoked defendant's probation and sentenced her to a prison term of 1&frac13; to 4 years. This appeal followed.
We affirm. Defendant's challenge to the voluntariness of her admission is unpreserved for our review in the absence of an appropriate postallocution motion (see People v Lamica, 224 AD3d 936, 937 [3d Dept 2024]; People v Curry, 210 AD3d 1203, 1204 [3d Dept 2022]; People v Purdie, 205 AD3d 1225, 1225 [3d Dept 2022], lv denied 38 NY3d 1135 [2022]), and the record reveals no basis upon which to invoke the narrow exception to the preservation requirement (see People v Recore, 211 AD3d 1241, 1243 [3d Dept 2022], lv denied 39 NY3d 1156 [2023]; People v Purdie, 205 AD3d at 1225). We reach a similar conclusion regarding defendant's ineffective assistance of counsel claim — insofar as it impacts the voluntariness of her admission (see People v Wells, 217 AD3d 1277, 1278 [3d Dept 2023]; People v Feltz, 190 AD3d 1027, 1028-1029 [3d Dept 2021]; People v Peterson, 147 AD3d 1148, 1149 [3d Dept 2017]). To the extent that defendant contends that counsel failed to properly investigate potential defenses or advise defendant regarding the consequences of waiving a hearing, such claims involve matters outside of the record and are more properly the subject of a CPL article 440 motion (see People v Curry, 210 AD3d at 1204). Finally, upon due consideration of all of the relevant factors, we do not find the sentence imposed by County Court to be unduly harsh or severe (see CPL 470.15 [6] [b]) — notwithstanding the fact that it was the maximum term [*2]of imprisonment that could be imposed for a class E felony (see Penal Law § 70.00 [2] [e]; [3] [b]). Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Pritzker, J.P., Lynch, Fisher and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Defendant's appeal from the resulting judgment of conviction is the subject of a separate appeal (People v Hendrie, ___ AD3d ___ [3d Dept 2025] [decided herewith]).