People v Brunell (2026 NY Slip Op 01558)

People v Brunell

2026 NY Slip Op 01558

Decided on March 19, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 19, 2026

CR-23-0745
[*1]The People of the State of New York, Respondent,
vMichael A. Brunell, Appellant.

Calendar Date:February 9, 2026

Before:Clark, J.P., Reynolds Fitzgerald, Ceresia, Powers and Corcoran, JJ.

Donnial K. Hinds, Albany, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A. Douthat of counsel), for respondent.

Clark, J.P.
Appeal from a judgment of the County Court of Clinton County (Timothy Lawliss, J.), rendered September 21, 2022, which revoked defendant's probation and imposed a sentence of imprisonment.
Defendant was sentenced to six months in jail, to be followed by five years of probation, after pleading guilty in 2021 to felony driving while intoxicated. In 2022, defendant was charged with violating four conditions of his probation based upon allegations that he used and overdosed on illicit drugs resulting in his hospitalization, failed to produce his prescription medication on two occasions for a medication count and was dishonest regarding his use of illegal substances. Defendant thereafter waived a hearing and admitted to the violations, whereupon County Court revoked his probation and imposed a sentence of 1⅓ to 4 years in prison. Defendant appeals.
We affirm. Defendant's challenge to the voluntariness of his admissions to the probation violations is unpreserved for our review as the record does not reflect that he made an appropriate postallocution motion (see People v Hendrie, 242 AD3d 1262, 1263[3d Dept 2025], lv denied 44 NY3d 1028 [2025]; People v Curry, 210 AD3d 1203, 1204 [3d Dept 2022]) or that the narrow exception to the preservation requirement was triggered (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Lamica, 224 AD3d 936, 937-938 [3d Dept 2024]; People v Purdie, 205 AD3d 1225, 1225 [3d Dept 2022], lv denied 38 NY3d 1135 [2022]). Were we to consider the issue, we would find it to be without merit as the record establishes that County Court appropriately advised defendant of the nature and consequences of admitting to the alleged probation violations, which defendant assured the court he understood, and reflects that defendant's admissions to said violations were knowing, voluntary and intelligent (see CPL 410.70 [2]; People v Curry, 210 AD3d at 1204).
Similarly, defendant's assertion that he received the ineffective assistance of counsel — to the extent that it impacts the voluntariness of his admissions — is also unpreserved absent an appropriate postallocution motion (see People v Hendrie, 242 AD3d at 1263; People v Wells, 217 AD3d 1277, 1278-1279 [3d Dept 2023]; People v Mastro, 174 AD3d 1232, 1233 [3d Dept 2019]). In any event, were we to review such contention, we would find that the record belies defendant's contention as defendant assured County Court that he was satisfied with his representation and reflects that counsel argued mitigating factors in support of defendant being restored to probation or sentenced to a minimal jail term (see People v Lewis, 69 AD3d 1232, 1234-1235 [3d Dept 2010]). To the extent defendant's claim that he received the ineffective assistance of counsel implicates matters outside the record, including his challenge to counsel's off-the-record negotiation efforts to secure a more favorable disposition before waiving the violation of probation hearing, such contentions "are more properly raised [*2]in a motion to vacate pursuant to CPL article 440, in conjunction with his record-based claims" (People v Curry, 210 AD3d at 1204; see People v Hendrie, 242 AD3d at 1263).
Reynolds Fitzgerald, Ceresia, Powers and Corcoran, JJ., concur.
ORDERED that the judgment is affirmed.