██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLEVE M. SILER, Appellant. [967 NYS2d 773]—

Appeal from a judgment of the County Court of Rensselaer County (Ceresia, J.), rendered October 11, 2011, which resentenced defendant following his conviction of the crimes of murder in the second degree and criminal possession of a weapon in the second degree.

Following a trial, defendant was found guilty of, among other things, criminal possession of a weapon in the second degree and, in June 1999, defendant was sentenced to 15 years in prison on that charge. In August 2011, the Department of Corrections and Community Supervision informed the sentencing court that the statutorily-required period of postrelease supervision had not been imposed at sentencing and, pursuant to Correction Law § 601-d, defendant was a designated person for resentencing purposes. Following an October 2011 resentencing hearing, County Court resentenced defendant to the original prison term and imposed a five-year period of postrelease supervision. Defendant now appeals.

Defendant's contention that County Court lacked jurisdiction due to an alleged unreasonable delay in correcting the sentence is without merit. A delay in resentencing pursuant to Correction Law § 601-d is "not jurisdictional in nature and do[es] not deprive the court of the authority to correct an illegal sentence and resentence a defendant to a term of incarceration that includes a period of postrelease supervision" (*People v Walker*, 100 AD3d 1149, 1150 [2012], *lv denied* 20 NY3d 1066 [2013]; *see People v Velez*, 19 NY3d 642, 647-648 [2012]). Furthermore, because defendant had not completed serving his initial sentence, the sentence was still subject to correction without invoking the protection against double jeopardy (*see People v Jenkins*, 78 AD3d 1212, 1213 [2010]; *People v Becker*, 72 AD3d 1290, 1291 [2010], *lv denied* 15 NY3d 747 [2010]). Defendant's remaining contentions are not properly before us as they were previously considered and rejected by this Court on the initial appeal from defendant's judgment of conviction (*see People v Siler*, 288 AD2d 625 [2001], *lv denied* 97 NY2d 709 [2002]).

Lahtinen, J.P., Stein, Spain and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.