*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 10, 2015                106545
                                                       106591
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                      Respondent,

        v                                    MEMORANDUM AND ORDER

TYLER J. MOULTON,
                      Appellant.
_____

Calendar Date:  October 20, 2015

Before:  Peters, P.J., Lahtinen, Garry and Clark, JJ.

                    _____

        Susan Patnode, Rural Law Center of New York, Albany
(Cynthia Feathers of counsel), for appellant.

        Mary E. Rain, District Attorney, Canton (A. Michael Gebo of
counsel), for respondent.

                    _____

Garry, J.

        Appeal from a judgment of the County Court of St. Lawrence
County (Richards, J.), rendered September 30, 2013, (1)
convicting defendant upon his plea of guilty of the crime of
sexual abuse in the first degree, and (2) which revoked
defendant's probation and imposed a sentence of imprisonment.

        In 2011, defendant pleaded guilty to sexual abuse in the
first degree for subjecting a nine-year-old girl to sexual abuse
when he was 16 years old; the sentence imposed included a 10-year
term of probation.  In 2013, following new sexual abuse
allegations, a petition was filed charging him with violating the
terms of his probation by violating state laws, staying overnight

in an unapproved residence and being with a child under the age of 17. Pursuant to a negotiated plea agreement that included a waiver of appeal, defendant waived indictment and pleaded guilty to a superior court information charging him with sexual abuse in the first degree, admitting that he subjected a seven-year-old girl to sexual contact. As part of this agreement, defendant also admitted violating his probation as charged. His probation was revoked and he was sentenced in accordance with the plea agreement, as a second child sexual assault felony offender (see Penal Law § 400.19 [2]), to an aggregate prison sentence of 10 years with 15 years of postrelease supervision.[1] Defendant appeals, and we affirm.

Initially, defendant's claim that his guilty plea was not knowing, voluntary and intelligent, which survives an appeal waiver, was not preserved by an appropriate postallocution motion (see People v Johnson, 125 AD3d 1052, 1052 [2015], lv denied 25 NY3d 1073 [2015]; People v Tole, 119 AD3d 982, 983 [2014], lv denied 19 NY3d 968 [2012]). In any event, the record reflects that defendant was fully advised of the trial-related rights that he was forgoing and the consequences of the plea, that he had consulted with his attorney and understood and accepted the plea terms, and that the plea represented a voluntary choice among available alternatives (see People v Gravino, 14 NY3d 546, 553-554 [2010]; People v Fiumefreddo, 82 NY2d 536, 543 [1993]).

We find defendant's appeal waiver to be valid. The record reveals that County Court adequately explained the consequences of the waiver of the right to appeal and distinguished that right from the other rights he was giving up as a consequence of his plea (see People v Campbell, 114 AD3d 996, 997 [2014]). Defendant also executed a detailed written waiver of the right to appeal and confirmed on the record that he understood the waiver and was freely and voluntarily signing it (see People v Devault, 124 AD3d 1140, 1140 [2015], lv denied 25 NY3d 989 [2015]; People

---

[1] County Court imposed a concurrent prison sentence of seven years with three years of postrelease supervision on the probation violation.

v Clemons, 96 AD3d 1086, 1087 [2012], lv denied 19 NY3d 1101 [2012]).  As defendant's waiver of the right to appeal is valid, his contention that the sentence imposed was harsh and excessive is precluded (see People v Balbuena, 123 AD3d 1384, 1386 [2014]; People v Jackson, 119 AD3d 1288, 1288 [2014], lv denied 25 NY3d 1165 [2015]).

Peters, P.J., Lahtinen and Clark, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:


Robert D. Mayberger
Clerk of the Court