*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 19, 2016                    106162
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                            MEMORANDUM AND ORDER

NATHANIEL T. JONES,
                        Appellant.
_____


Calendar Date:  April 25, 2016

Before:  Lahtinen, J.P., Rose, Lynch, Clark and Aarons, JJ.

                    _____


        John A. Cirando, Syracuse, for appellant.

        Alexander Lesyk, Special Prosecutor, Norwood, for
respondent.

                    _____


Aarons, J.

        Appeal from a judgment of the County Court of St. Lawrence
County (Richards, J.), rendered July 17, 2013, which revoked
defendant's probation and imposed a sentence of imprisonment.

        In 2008, defendant pleaded guilty to the crime of attempted
burglary in the third degree and was sentenced to five years of
probation and ordered to pay restitution.  In 2010, defendant's
term of probation was extended by 299 days after he admitted to
violating the terms of his probation.  In July 2013, defendant
was charged with violating the terms of his probation by, among
other things, failing to report on multiple occasions to his
probation officer as directed, failing to successfully complete
substance abuse treatment, failing to pay restitution and testing
positive for marihuana and oxycodone.  Pursuant to an agreed-upon

disposition, defendant admitted to all but one of these charges. In exchange, County Court revoked his probation and imposed the promised sentence of 365 days in jail. Defendant now appeals.

We affirm. Defendant's challenge to the voluntariness of his plea is unpreserved for review inasmuch as the record fails to indicate that he moved to withdraw his plea of guilty to the probation violations (see People v Moulton, 134 AD3d 1251, 1252 [2015]; People v McGregor, 119 AD3d 1235, 1236 [2014], lv denied 25 NY3d 991 [2015]). Moreover, the exception to the preservation requirement is not applicable where, as here, defendant's responses during his plea allocution were lucid, rational, appropriate and not inconsistent with his guilt or cast any doubt on the voluntariness of his plea (see People v Johnson, 125 AD3d 1052, 1052-1053 [2015], lv denied 25 NY3d 1073 [2015]; People v McCann, 289 AD2d 703, 703-704 [2001]).

Defendant also argues that his 365-day jail sentence imposed on July 17, 2013 is harsh and excessive. Given that defendant has completed that jail sentence during the pendency of this appeal, any claims related to sentencing are moot (see People v Cancer, 132 AD3d 1019, 1020 [2015]; People v Pozzi, 117 AD3d 1325, 1325 [2014]).

Lahtinen, J.P., Rose, Lynch and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court