People v Baxter (2018 NY Slip Op 00198)





People v Baxter


2018 NY Slip Op 00198


Decided on January 11, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 11, 2018

108139

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
DERRICK BAXTER, Appellant.

Calendar Date: November 14, 2017

Before: Garry, P.J., Lynch, Clark, Aarons and Pritzker, JJ.


Brian M. Quinn, Albany, for appellant.
Karen Heggen, District Attorney, Ballston Spa (Gordon W. Eddy of counsel), for respondent.


Garry, P.J.

MEMORANDUM AND ORDER
Appeals (1) from a judgment of the County Court of Saratoga County (Sypniewski, J.), rendered September 14, 2015, convicting defendant upon his plea of guilty of the crimes of petit larceny and possession of burglar's tools, and (2) by permission, from an order of said court, entered December 21, 2015, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentence, without a hearing.
In January 2015, defendant allegedly entered a department store in Saratoga County — purportedly in violation of a no-trespass agreement — and, after utilizing a small pry tool to remove certain security devices, stole two pairs of jeans. Defendant was thereafter indicted and charged with burglary in
the third degree, petit larceny and possession of burglar's tools. In full satisfaction of these charges, defendant waived his right to appeal and pleaded guilty to petit larceny and possession of burglar's tools. At sentencing, defendant argued that the promised term of incarceration — two one-year jail terms to be served consecutively — was illegal and urged County Court to impose concurrent sentences. County Court rejected this argument and imposed the contemplated sentence. Defendant's subsequent CPL 440.20 motion to set aside the sentence was unsuccessful. Defendant now appeals from the judgment of conviction and, by permission, from the order denying his motion to set aside his sentence.
Defendant's challenge to the legality of the sentence imposed survives his uncontested [*2]waiver of the right to appeal (see People v Mangarillo, 152 AD3d 1061, 1061-1062 [2017]; People v Blair, 140 AD3d 1478, 1479 [2016], lv denied 28 NY3d 927 [2016]). However, this Court has been advised that, during the pendency of this appeal, defendant completed his term of incarceration and was released from jail. Accordingly, defendant's claim that the subject sentence is illegal is moot (see People v Parker, ___ AD3d ___, ___, 2017 NY Slip Op 08745, *1 [2017]; People v Dale, 142 AD3d 1287, 1290 [2016], lv denied 28 NY3d 1144 [2017]; People v Jones, 139 AD3d 1237, 1238 [2016], lv denied 28 NY3d 932 [2016]; People v De Leo, 214 AD2d 762, 762-763 [1995]), and we discern no basis upon which to invoke the exception to the mootness doctrine (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]). The judgment is therefore affirmed and the appeal from the order denying defendant's motion to vacate must be dismissed.
Lynch, Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.
ORDERED that the appeal from the order is dismissed, as moot.