People v Mastro (2019 NY Slip Op 05814)





People v Mastro


2019 NY Slip Op 05814


Decided on July 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 25, 2019

110834

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
MICHAEL MASTRO, Appellant.

Calendar Date: June 4, 2019

Before: Garry, P.J., Egan Jr., Aarons, Rumsey and Pritzker, JJ.


Theresa M. Suozzi, Saratoga Springs, for appellant.
Paul Czajka, District Attorney, Hudson (James A. Carlucci of counsel), for respondent.



MEMORANDUM AND ORDER
Egan Jr., J.
Appeal from a judgment of the County Court of Columbia County (Nichols, J.), rendered March 15, 2018, which revoked defendant's probation and imposed a sentence of imprisonment.
In August 2014, defendant waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with one count of criminal mischief in the third degree and one count of driving while ability impaired by drugs. Consistent with the terms of a negotiated plea agreement, defendant pleaded guilty to such charges and received a split sentence of six months in the local jail and five years of probation. In January 2018, defendant was charged with violating three specific terms and conditions of his probation. Pursuant to a negotiated disposition, defendant thereafter admitted to violating his probation. Although County Court made no sentencing commitment, defendant was apprised prior to entering his admissions that his maximum sentencing exposure upon his conviction of criminal mischief in the third degree would be four years in prison. County Court thereafter sentenced defendant to a prison term of 1 to 4 years upon his conviction of criminal mischief in the third degree and to a definite one-year term of incarceration upon his conviction of driving while ability impaired by drugs. This appeal ensued.
Defendant's challenge to the voluntariness of his guilty plea to the probation violation is unpreserved for our review absent evidence of an appropriate postallocution motion (see People v Shaw, 157 AD3d 1138, 1140 [2018]; People v Sumter, 157 AD3d 1125, 1125 [2018]; People v Moulton, 134 AD3d 1251, 1252 [2015]). Further, defendant did not make any statements during the plea allocution that were inconsistent with his guilt or otherwise called into question the voluntariness of his plea; hence, the narrow exception to the preservation requirement is inapplicable (see People v Harrington, 170 AD3d 1338, 1338 [2019], lv denied 33 NY3d 1031 [2019]; People v Jones, 139 AD3d 1237, 1237 [2016], lv denied 28 NY3d 932 [2016]). In any event, defendant's assertion that he felt pressured to accept the plea deal amounts to nothing more [*2]that "the type of situational coercion faced by many defendants who are offered a plea deal, and it does not undermine the voluntariness of defendant's admissions to violating probation" (People v Miazga, 171 AD3d 1358, 1360 [2019] [internal quotation marks, brackets and citations omitted]; see People v Torres, 165 AD3d 1325, 1326 [2018], lv denied 32 NY3d 1210 [2019]).
To the extent that defendant's brief may be read as asserting an ineffective assistance of counsel claim, such claim — to the degree that it implicates the voluntariness of defendant's guilty plea — is similarly unpreserved for our review (see People v Sumter, 157 AD3d at 1126). Defendant's remaining arguments on that point, including his assertion that counsel failed to properly investigate potential defenses and did not sufficiently confer with him — involve matters outside of the record that are more properly the subject of a CPL article 440 motion (see People v Taylor, 135 AD3d 1237, 1238 [2016], lv denied 27 NY3d 1075 [2016]; People v Sylvan, 107 AD3d 1044, 1045-1046 [2013], lv denied 22 NY3d 1141 [2014]). Finally, as the record does not reflect that defendant validly waived his right to appeal, his challenge to the sentences imposed as harsh and excessive is not precluded. "That said, given defendant's inability to comply with the terms of his probation, we find no abuse of discretion or extraordinary circumstances warranting a modification of his sentence[s] in the interest of justice" (People v Harrington, 170 AD3d at 1338 [internal quotation marks and citations omitted]; see People v Thomas, 163 AD3d 1293, 1295 [2018], lv denied 32 NY3d 1068 [2018]). Defendant was apprised of his maximum sentencing exposure prior to admitting his guilt to the violation of probation petition and, contrary to his assertion, the indeterminate sentence imposed upon his conviction of criminal mischief in the third degree and the definite sentence imposed upon his conviction of driving while ability impaired by drugs did not run consecutively. Rather, such sentences ran concurrently (see Penal Law §§ 70.15 [3]; 70.25 [1] [b]; Vehicle and Traffic Law §§ 1192 [4]; 1193 [1] [b] [i]).
Garry, P.J., Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.