People v McLean (2020 NY Slip Op 03692)





People v McLean


2020 NY Slip Op 03692


Decided on July 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 2, 2020

109892

[*1]The People of the State of New York, Respondent,
v
Ronald A. McLean, Appellant.

Calendar Date: June 8, 2020

Before: Egan Jr., J.P., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ.


Rural Law Center of New York, Castleton (Keith F. Schockmel of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Jamie Biondolillo of counsel), for respondent.



Lynch, J.
Appeal from a judgment of the County Court of St. Lawrence County (Champagne, J,), rendered October 10, 2017, which revoked defendant's probation and imposed a sentence of imprisonment.
Defendant pleaded guilty to attempted assault in the second degree and waived his right to appeal. County Court sentenced defendant to 180 days in jail and five years of probation. Thereafter, defendant was charged with, and ultimately admitted to, violating the terms of his probation. County Court then revoked probation and imposed a sentence of 1 to 3 years in prison. Defendant appeals.
Defendant's challenge to the underlying conviction, specifically that the waiver of indictment was jurisdictionally defective, cannot be raised on appeal from the judgment resentencing him following the revocation of his probation (see People v Morton, 173 AD3d 1445, 1445-1446 [2019], lv denied 34 NY3d 935 [2019]; People v Pozzi, 117 AD3d 1325, 1325 [2014]). Furthermore, defendant's contention that the resentence is harsh and excessive is moot, inasmuch as he has completed his sentence during the pendency of this appeal (see People v King, 178 AD3d 1126, 1127 [2019]; People v Jones, 139 AD3d 1237, 1238 [2016], lv denied 28 NY3d 932 [2016]; People Pozzi, 117 AD3d at 1325).
Egan Jr., J.P, Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.