People v Childs (2020 NY Slip Op 04404)





People v Childs


2020 NY Slip Op 04404


Decided on August 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2018-05361
 (Ind. No. 6166/16)

[*1]The People of the State of New York, respondent,
v
Maurice Childs, appellant. Janet E. Sabel, New York, NY (Lorca Morello of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Anthea H. Bruffee of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dena E. Douglas, J.), rendered January 16, 2018, convicting him of unlawful surveillance in the second degree, upon his plea of guilty, and sentencing him to an unspecified term of probation.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.
CPL 380.20 requires that courts "must pronounce sentence in every case where a conviction is entered." "When the sentencing court fails to orally pronounce a component of the sentence, the sentence must be vacated and the matter remitted for resentencing in compliance with the statutory scheme" (People v Cleveland, 177 AD3d 1382, 1383; see People v Guadalupe, 129 AD3d 989). Here, although the parties do not dispute that, as part of the negotiated disposition, the defendant was promised a term of probation of three years, the sentence must be vacated and the matter must be remitted to the Supreme Court, Kings County, for resentencing because the court failed to pronounce the length of the probation term (see People v Jemmott, 184 AD3d 586; People v Tyrek M., 183 AD3d 915; People v Petrangelo, 159 AD3d 1559, 1560; People v Knox, 56 AD3d 799, 800).
MASTRO, J.P., LEVENTHAL, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court