People v Brewster (2021 NY Slip Op 03221)





People v Brewster


2021 NY Slip Op 03221


Decided on May 20, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 20, 2021

110731
[*1]The People of the State of New York, Respondent,
v
Richard Brewster, Appellant.

Calendar Date:April 29, 2021

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Aaron A. Louridas, Delmar, for appellant.
P. David Soares, District Attorney, Albany (Christopher D. Horn of counsel), for respondent.



Garry, P.J.
Appeal from a judgment of the County Court of Albany County (Carter, J.), rendered September 14, 2017, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the second degree.
Defendant pleaded guilty to the reduced charge of attempted criminal possession of a weapon in the second degree and agreed to waive his right to appeal. Defendant was sentenced, as a second violent felony offender, in accordance with the terms of the plea agreement to a prison term of five years followed by five years of postrelease supervision. Defendant appeals.
Initially, the People concede, and our review of the record confirms, that defendant's waiver of the right to appeal is invalid. The record reflects that County Court did not inform defendant that the right to appeal was separate and distinct from the rights automatically forfeited by the guilty plea nor did the court adequately explain and elicit defendant's understanding of the nature and ramifications of the waiver of the right to appeal (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Alexander, 174 AD3d 1068, 1068 [2019], lv denied 34 NY3d 949 [2019]). Although defendant also executed a written appeal waiver, the court "did not verify that defendant had read and understood the written appeal waiver or discussed it with counsel" (People v Alexander, 174 AD3d at 1068 [internal quotation marks and citations omitted]).
However, defendant's contention that his plea was involuntary is unpreserved for our review, as the record does not reflect that he made an appropriate postallocution motion (see People v Drayton, 189 AD3d 1892, 1893 [2020]; People v Smith, 188 AD3d 1357, 1357 [2020]). Further, the narrow exception to the preservation requirement is inapplicable as the record does not reflect that defendant made any statements that cast doubt upon his guilt, negated an element of the crime, or called into question the voluntariness of his plea (see People v Aponte, 190 AD3d 1031, 1032 [2021]; People v Feltz, 190 AD3d 1026, 1027 [2021]). Defendant's contention that he received ineffective assistance of counsel affecting the voluntariness of his plea is similarly unpreserved, absent an appropriate postallocution motion (see People v Miller, 190 AD3d 1029, 1030 [2021]; People v Feltz, 190 AD3d 1027, 1028-1029 [2021]). Moreover, the challenges in connection with the effective assistance of counsel, including that counsel failed to properly advise defendant on various matters, relate to matters outside the record and are thus more appropriately resolved in a CPL article 440 motion (see People v Feltz, 190 AD3d at 1029; People v Gamble, 190 AD3d 1022, 1025 [2021], lv denied ___ NY3d ___ [Mar. 2, 2021]).
Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.