People v Belcher-Cumba (2022 NY Slip Op 00691)





People v Belcher-Cumba


2022 NY Slip Op 00691


Decided on February 3, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 3, 2022

109776
[*1]The People of the State of New York, Respondent,
v
Julio C. Belcher-Cumba, Appellant.

Calendar Date:January 11, 2022

Before:Garry, P.J., Lynch, Pritzker and Colangelo, JJ.

Clea Weiss, Ithaca, for appellant.
Michael A. Korchak, District Attorney, Binghamton (Rita M. Basile of counsel), for respondent.



Garry, P.J.
Appeal from a judgment of the County Court of Broome County (Northrup Jr., J.), rendered October 14, 2016, convicting defendant upon his plea of guilty of the crime of attempted robbery in the first degree.
Defendant was indicted and charged with robbery in the first degree, criminal possession of a weapon in the second degree (four counts), criminal possession of a weapon in the third degree and criminal possession of a controlled substance in the seventh degree. In full satisfaction of that indictment, defendant subsequently pleaded guilty to the reduced charge of attempted robbery in the first degree with the understanding that he would be sentenced — as a second felony offender — to a prison term of nine years followed by five years of postrelease supervision. Following a brief adjournment at defendant's request, defendant was sentenced in accordance with the plea agreement. This appeal ensued.
Absent evidence of an appropriate postallocution motion, defendant's challenge to the voluntariness of his plea is unpreserved for our review (see People v Blankenbaker, 197 AD3d 1353, 1354 [2021]; People v Brewster, 194 AD3d 1266, 1267 [2021], lv denied 37 NY3d 970 [2021]), and the narrow exception to the preservation requirement was not triggered here, "as the record does not reflect that defendant made any statements that cast doubt upon his guilt, negated an element of the crime[] or called into question the voluntariness of his plea" (People v Brewster, 194 AD3d at 1267; see People v Guerrero, 194 AD3d 1258, 1260 [2021], lv denied 37 NY3d 992 [2021]). Defendant's related claim — that the statements embodied in his pro se motion imposed a duty of inquiry upon County Court — is unpersuasive, as defendant failed to reiterate such representations during the course of the plea colloquy (see People v Sosa, 172 AD3d 432, 433 [2019]; People v Rodriguez, 144 AD3d 498, 499 [2016], lv denied 28 NY3d 1188 [2017]; People v Sands, 45 AD3d 414, 415 [2007], lv denied 10 NY3d 816 [2008]; compare People v Ramirez, 42 AD3d 671, 672 [2007]), and we decline defendant's invitation to take corrective action in the interest of justice.
We do, however, find merit to defendant's claim that he was not properly sentenced. "CPL 380.20 requires that courts must pronounce sentence in every case where a conviction is entered. When the sentencing court fails to orally pronounce a component of the sentence, the sentence must be vacated and the matter remitted for resentencing in compliance with the statutory scheme" (People v Childs, 186 AD3d 500, 500 [2020] [internal quotation marks and citations omitted]; see People v Sparber, 10 NY3d 457, 471 [2008]; People v Tyrek M., 183 AD3d 915, 915-916 [2020]). This statutory requirement is "unyielding" (People v Sparber, 10 NY3d at 469). Here, although the term of imprisonment was recited — on the record and more than once — at the time of sentencing, County Court "did not pronounce the length of the term of [imprisonment] in [*2]open court" (People v Jemmott, 184 AD3d 586, 586-587 [2020]; cf. People v Tyrek M., 183 AD3d at 915-916; People v Cleveland, 177 AD3d 1382, 1383 [2019]). Accordingly, the judgment of conviction is modified by vacating the sentence imposed, and this matter is remitted to County Court for resentencing (see People v Brady, 195 AD3d 1545, 1546 [2021], lv denied 37 NY3d 970 [2021]; People v Disotell, 123 AD3d 1230, 1232 [2014], lv denied 25 NY3d 1162 [2015]). Contrary to defendant's assertion, "the delay in resentencing defendant following [the] sentencing that failed to conform to CPL 380.20 does not divest the court of jurisdiction" (People v Bryan, 231 AD2d 957, 957 [1996], lv denied 89 NY2d 862 [1996]; see generally People v Peoples, 159 AD3d 946, 947 [2018], lv denied 31 NY3d 1151 [2018]; see also People v Siler, 107 AD3d 1242, 1243 [2013], lv denied 21 NY3d 1077 [2013]). Nor does the delay warrant dismissal of the applicable count of the indictment (see People v Benson, 265 AD2d 814, 816 [1999], lv denied 94 NY2d 860 [1999], cert denied 529 US 1076 [2000]). Defendant's remaining contentions are either academic or lacking in merit.
Lynch, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Broome County for resentencing; and, as so modified, affirmed.