People v Scarborough (2022 NY Slip Op 03282)





People v Scarborough


2022 NY Slip Op 03282


Decided on May 19, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 19, 2022

111626
[*1]The People of the State of New York, Respondent,
v
Alexia N. Scarborough, Appellant.

Calendar Date:April 21, 2022

Before:Garry, P.J., Lynch, Pritzker, Colangelo and McShan, JJ.

Rural Law Center of New York, Castleton (Keith F. Schockmel of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Alexander A. V. Nichols of counsel), for respondent.



McShan, J.
Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered July 15, 2019, convicting defendant upon her plea of guilty of the crime of driving while intoxicated.
Defendant was indicted on one count of driving while intoxicated as a felony (see Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c]).[FN1] Pursuant to a plea agreement, defendant pleaded guilty to that charge and signed a written appeal waiver. In exchange, among other terms and conditions, defendant was to receive a one-year period of interim probation with an opportunity to convert the conviction to a misdemeanor. Within two months, County Court found that defendant had failed to cooperate with the Probation Department's presentence investigation and with a chemical dependency evaluation. A new plea agreement was negotiated, pursuant to which defendant was permitted to withdraw her earlier guilty plea and enter a guilty plea to the reduced charge of driving while intoxicated as a misdemeanor, in exchange for, among other terms, a nine-month jail sentence (270 days) to be followed by a one-year conditional discharge. The agreement also required that an ignition interlock device be installed in any vehicle driven by defendant and that she waive her right to appeal. Defendant again signed the written appeal waiver and was thereafter sentenced in accordance with the negotiated plea agreement. Defendant appeals.
We affirm. Defendant argues that her guilty plea was not knowing, intelligent and voluntary. Specifically, defendant contends that County Court failed to make further inquiry after she denied consuming alcohol during her Probation Department interview, which would negate an element of the charged offense. Although this claim survives her appeal waiver, it is unpreserved given that the record does not reflect that she made an appropriate postallocution motion despite having had ample time in which to do so (see CPL 220.60 [3]; People v Williams, 27 NY3d 212, 219-222 [2016]). Further, the narrow exception to the preservation rule was not triggered here, "as the record does not reflect that defendant made any statements that cast doubt upon [her] guilt, negated an element of the crime, or called into question the voluntariness of [her] plea" (People v Brewster, 194 AD3d 1266, 1267 [2021], lv denied 37 NY3d 970 [2021]; see People v Pastor, 28 NY3d 1089, 1090-1091 [2016]; People v Guerrero, 194 AD3d 1258, 1260 [2021], lv denied 37 NY3d 992 [2021]). Finally, defendant's denials concerning her consumption of alcohol on the night of the charged offense during her Probation Department interview were not reiterated when she entered her de novo guilty plea; therefore, there was no duty imposed upon County Court to inquire further (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Belcher-Cumba, 202 AD3d 1149, 1150 [2022], lv denied ___ NY3d ___ [Apr. 4, 2022]; People v Bah, 202 AD3d 486, 486 [2022]; People v Sands, 45 AD3d 414, 415 [2007], lv denied [*2]10 NY3d 816 [2008]).
Finally, defendant further argues that the sentence is harsh and excessive and that this claim is not precluded by the waiver of appeal, which she contends is invalid. Regardless of the validity of the waiver of appeal, defendant has necessarily completed both her nine-month jail term and her one-year conditional discharge during the pendency of this appeal, and, thus, any claim regarding her sentence is moot (see People v Taylor, 194 AD3d 1264, 1266 [2021], lv denied 37 NY3d 975 [2021]; People v Parker, 156 AD3d 1059, 1060 [2017]; People v Jones, 139 AD3d 1237, 1238 [2016], lv denied 28 NY3d 932 [2016]).
Garry, P.J., Lynch, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Defendant was previously convicted of driving while intoxicated as a first offense in 2016.