People v Odyssty D.R. (2022 NY Slip Op 05412)

People v Odyssty D.R.

2022 NY Slip Op 05412

Decided on September 30, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., NEMOYER, CURRAN, AND BANNISTER, JJ.

617 KA 16-02097

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ODYSSTY D.R., DEFENDANT-APPELLANT. 

JILL L. PAPERNO, ACTING PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Melchor E. Castro, A.J.), rendered August 19, 2016. The appeal was held by this Court by order entered March 19, 2021, decision was reserved and the matter was remitted to Monroe County Court for further proceedings. The proceedings were held and completed. 
It is hereby ORDERED that said appeal is unanimously dismissed.
Memorandum: We previously held this case, reserved decision, and remitted the matter to County Court to make and state for the record a determination whether defendant should be afforded youthful offender status (see generally People v Middlebrooks, 25 NY3d 516, 525-527 [2015]). On remittal, the court adjudicated defendant a youthful offender and, inasmuch as defendant had already served a term of imprisonment exceeding the maximum sentence that could have been imposed, the court sentenced defendant to time served.
Defendant's only remaining contentions on the initial appeal involve challenges to the validity of the waiver of the right to appeal and to the severity of the sentence. Regardless of the validity of the waiver of the right to appeal, defendant's contentions are moot inasmuch as defendant has served the sentence in its entirety (see People v Scarborough, 205 AD3d 1220, 1221-1222 [3d Dept 2022]; People v Williams, 199 AD3d 1446, 1447 [4th Dept 2021], lv denied 38 NY3d 931 [2022]; People v Griffin, 239 AD2d 936, 936 [4th Dept 1997]). Defendant's contention raised on resubmission to this Court—i.e., that the conviction should be vacated and replaced with a finding that defendant is a youthful offender (see CPL 720.20 [3]), is also moot inasmuch as County Court granted defendant's application for a youthful offender adjudication, vacated the originally imposed sentence as illegal, and sentenced defendant to time served—i.e., the court awarded defendant all the relief to which he was entitled (cf. People v Sutki S., 188 AD3d 1270, 1271 [2d Dept 2020]; see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713-714 [1980]).
Entered: September 30, 2022
Ann Dillon Flynn
Clerk of the Court