People v Shea'Honnie D. (2023 NY Slip Op 03138)

People v Shea'Honnie D.

2023 NY Slip Op 03138

Decided on June 9, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, MONTOUR, AND OGDEN, JJ.

448 KA 22-01216

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SHEA'HONNIE D., DEFENDANT-APPELLANT. (APPEAL NO. 2.) 

CRAVATH, SWAINE & MOORE LLP, NEW YORK CITY (ANDREW WIKTOR OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT.
BANASIAK LAW OFFICE, PLLC, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR WOMEN'S BAR ASSOCIATION OF THE STATE OF NEW YORK, THE WOMEN & JUSTICE PROJECT, THE SURVIVORS JUSTICE PROJECT, THE NEW YORK STATE COALITION AGAINST DOMESTIC VIOLENCE, AND WILLOW DOMESTIC VIOLENCE CENTER, AMICI CURIAE. 

 Appeal from an order of the Onondaga County Court (Matthew J. Doran, J.), entered July 7, 2022. The order denied the motion of defendant for resentencing pursuant to CPL 440.47. 
It is hereby ORDERED that said appeal is unanimously dismissed.
Memorandum: Defendant appeals from an order that denied her motion for resentencing pursuant to the Domestic Violence Survivors Justice Act (L 2019, ch 31; L 2019, ch 55, § 1, part WW). The original sentence was imposed by County Court following defendant's conviction upon her plea of guilty of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [2]). On defendant's de novo direct appeal following our grant of her motion for a writ of error coram nobis, we modified the underlying judgment as a matter of discretion in the interest of justice by reducing the sentence of imprisonment to effectively time served and the period of postrelease supervision to 2½ years (People v Shea'honnie D. [appeal No. 1], — AD3d — [June 9, 2023] [4th Dept 2023]).
In light of our determination on her de novo appeal, we conclude that defendant's contentions on this appeal are moot because she has served the reduced sentence of imprisonment in its entirety (see People v Smallwood, 145 AD3d 1447, 1447 [4th Dept 2016]; see generally People v Williams, 199 AD3d 1446, 1447 [4th Dept 2021], lv denied 38 NY3d 931 [2022]) and because, in the de novo appeal, we imposed the minimum legal period of postrelease supervision (see generally Penal Law §§ 60.12 [2] [b]; 70.45 [f]). In short, defendant received "all the relief to which [s]he was entitled," rendering the appeal moot (People v Odyssty D.R., 208 AD3d 1596, 1597 [4th Dept 2022]). We further conclude that none of defendant's contentions fall within the exception to the mootness doctrine (see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]).
Entered: June 9, 2023
Ann Dillon Flynn
Clerk of the Court