People v Belcher-Cumba (2024 NY Slip Op 02108)

People v Belcher-Cumba

2024 NY Slip Op 02108

Decided on April 18, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 18, 2024

113492
[*1]The People of the State of New York, Respondent,
v
Julio C. Belcher-Cumba, Appellant.

Calendar Date:March 22, 2024

Before:Egan Jr., J.P., Clark, Aarons, Ceresia and McShan, JJ.

Marshall Nadan, Kingston, for appellant.
F. Paul Battisti, District Attorney, Binghamton (Benjamin E. Holwitt of counsel), for respondent.

Appeal from a judgment of the County Court of Broome County (Joseph F. Cawley, J.), rendered May 4, 2022, which resentenced defendant following his conviction upon his guilty plea of the crime of attempted robbery in the first degree.
In satisfaction of a seven-count indictment charging him with robbery in the first degree and other crimes related to the possession of weapons and drugs, defendant pleaded guilty to the reduced charge of attempted robbery in the first degree with the understanding that he would be sentenced, as a second felony offender, to a prison term of nine years followed by five years of postrelease supervision (hereinafter PRS). Defendant was sentenced in accordance with the plea agreement. On defendant's initial appeal, this Court upheld his guilty plea but vacated the sentence and remitted for resentencing because County Court (Northrup Jr., J.) failed to orally pronounce the prison term during sentencing, as required by CPL 380.20 (202 AD3d 1149, 1150-1151 [3d Dept 2022], lv denied 38 NY3d 1007 [2022]). Defendant was resentenced on May 4, 2022, as an acknowledged second felony offender, to the agreed-upon nine-year prison sentence to be followed by five years of PRS. Defendant appeals from the resentence.
Defendant's sole contention on appeal is that the agreed-upon sentence is harsh and excessive, citing his admission of guilt, mental health history and his account of the circumstances of his offense, as recounted during his presentence investigation, that he had discharged his weapon in self-defense after the victim had fired a gun at him first.[FN1] However, during his plea allocution, defendant admitted to forcibly stealing a hoverboard from the victim and that, during that crime or while fleeing, he discharged a gun. Defendant pleaded guilty under count one of the indictment to the reduced charge of attempted robbery in the first degree (see Penal Law §§ 110.00; 160.15 [2]), a class C violent felony (see Penal Law § 70.02 [1] [a], [b]), for which he could have received a 15-year sentence as a second felony offender (see Penal Law § 70.06 [3] [c]). Given defendant's criminal history, including his predicate arson conviction, and the seriousness of his conduct in discharging a gun on a public street to prevent the victim from recovering his stolen property, we decline his invitation to reduce the sentence in the interest of justice (see CPL 470.15 [6] [b]).
Egan Jr., J.P., Clark, Aarons, Ceresia and McShan, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Although defendant was released to parole in July 2023, his challenge to the severity of the sentence is not moot given that he remains under the control of the Board of Parole until he completes his sentence (see People v Blanford, 179 AD3d 1388, 1393 n 8 [3d Dept 2020], lv denied 35 NY3d 968 [2020]).