People v John B. (2024 NY Slip Op 50575(U))

[*1]

People v John B.

2024 NY Slip Op 50575(U)

Decided on May 16, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 16, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., James, Perez, JJ.

570133/19

The People of the State of New York, Respondent,
against
John B., Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Myrna Socorro, J.), rendered November 19, 2018, convicting him, upon his plea of guilty, of petit larceny, and imposing sentence.

Per Curiam.
Judgment of conviction (Myrna Socorro, J.), rendered November 19, 2018, modified, as a matter of discretion in the interest of justice, to the extent of vacating the mandatory surcharge and fees, and otherwise affirmed.
Defendant pleaded guilty to petit larceny in exchange for a promise that "confirming his eligibility, he will be adjudicated a youthful offender and sentenced to a conditional discharge." Although the court did not orally pronounce the conditional discharge component of the sentence (see CPL 380.20), the sole remedy for a procedural error such as this is to vacate the sentence and remit for a resentencing hearing so that the trial judge can make the required pronouncement (see People v Sparber, 10 NY3d 457, 471 [2008]; People v Sturgis, 69 NY2d 816, 818 [1987]). However, inasmuch as defendant has served the conditional discharge portion of the sentence, no purpose would be served by a remand, and his contention is therefore moot (see People v Cecilio, 65 Misc 3d 148[A], 2019 NY Slip Op 51829[U] [App Term, 1st Dept 2019], lv denied 34 NY3d 1127 [2020]). In any event, even if not moot, defendant does not seek a remand for resentencing, and only requests dismissal, which relief is unwarranted in the circumstances. 
Contrary to defendant's further contention, the delay following the sentencing that failed to conform to CPL 380.20 does not divest the court of jurisdiction, nor does it warrant dismissal of the accusatory instrument (see People v Belcher-Cumba, 202 AD3d 1149, 1150-1151 [2022], lv denied 38 NY3d 1007 [2022]).
Based on our own interest of justice powers, we vacate the surcharge and fees imposed on defendant at sentencing (see People v Chirinos, 190 AD3d 434 [2021]). We note that the People do not oppose this relief.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 16, 2024